**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**


**TERRY L. THOMAS**
**and BOBBY E. RODDY,**

      **Plaintiffs,**

**v.**                                        **Civil Action No. 5:11cv7**
                                                            **(Judge Stamp)**

**NORTHERN CORRECTIONAL FACILITY,**
**JAMES RUBENSTEIN, EVELYN SEIFERT,**
**KAREN PSZCZOLOWSKI, GREGORY YAHNKA,**
**LT. EDWARD LITTELL, NICKY SEIFERT, LT. NASH,**
**PRIME CARE MEDICAL, REGIONAL JAIL**
**AUTHORITY AND CECELIA JANISZEWSKI,**

      **Defendants.**

### AMENDED OPINION[1] AND ORDER REMOVING PLAINTIFF RODDY, TERMINATING HIS IFP MOTION AND TRANSFERRING HIS IFP DOCUMENTS TO CIVIL ACTION 1:11CV7

On January 10, 2011, the Court received a letter from plaintiff, Terry Thomas ("Thomas"),

complaining that the conditions of his confinement at the Northern Correctional Facility violate his

rights under the United States Constitution. As a result, the Court construed the letter as a civil rights

complaint pursuant to 42 U.S.C. § 1983, and opened a case accordingly.

On January 27, 2011, Thomas filed an amended complaint. In the amended complaint, he

alleges claims substantially similar to those raised in the original initiating document, but with more

detail as to the bases for those claims. In addition, Thomas adds an additional plaintiff to this case,

Bobby Roddy ("Roddy"), and additional defendants. Furthermore, both Thomas and Roddy filed

---

[1]This Opinion/Order amends the Court's Opinion/Report and Recommendation, filed on February 1, 2011, only insofar as to change the title. In all other respects the Opinion is the same. The Clerk is directed to terminate the Opinion/Report and Recommendation (dckt. 13), and send a copy of this Amended Opinion to the plaintiffs by certified mail, return receipt requested.

separate motions to proceed *in forma pauperis* ("IFP").

The Prison Litigation Reform Act (PLRA) does not address the question of whether multiple

plaintiffs can proceed IFP in a single case. Nonetheless, the Sixth and Seventh Circuits have found

that the filing fee may be apportioned between multiple-plaintiffs. See Boriboune v. Berge, 391

F.3d 852, 854-56 (7th Cir. 2004); see also In re Prison Litigation Reform Act, 105 F.3d 1131 (6th

Cir. 1997). However, the United States Court of Appeals for the Eleventh Circuit has held just the

opposite. See Hubbard v. Haley, 262 F.3d 1194 (11th Cir. 2001), cert. denied, 534 U.S. 1136

(2002).

In an Administrative Order by the then Chief Judge, the Sixth Circuit stated:

> The statute [28 U.S.C. § 1915] does not specify how fees are to be
> assessed when multiple prisoners constitute the plaintiffs or
> appellants. Because each prisoner chose to join in the prosecution of
> the case, each prisoner should be proportionally liable for any fees
> and costs that may be assessed. Thus, any fees and costs that the
> district court or the court of appeals may impose shall be equally
> divided among all the prisoners. This procedure also will permit
> easier accounting for the district courts and prison officials.

In re Prison Litigation Reform Act, 105 F.3d 1131, 1137-1138.

Similarly, while specifically examining the issue of whether multiple prisoner plaintiffs can

proceed together IFP in the same action, the Seventh Circuit concluded that multiple-plaintiffs may

proceed IFP together in the same action under the permissive joinder rule of Fed.R.Civ.P. 20.

Boriboune, 391 F.3d at 856.

On the other hand, the Eleventh Circuit, addressing the same issue, has concluded:

> the PLRA clearly and unambiguously requires that "if a prisoner
> brings a civil action or files an appeal in forma pauperis, the prisoner
> shall be required to pay the full amount of a filing fee." 28 U.S.C. §
> 1915(b)(1). This court has repeatedly stated that "[w]e begin our
> construction of [a statutory provision] where courts should always

begin the process of legislative interpretation, and where they often should end it as well, which is with the words of the statutory provision." Harris v. Garner, 216 F.3d 970, 972 (11th Cir.2000)(en banc). Moreover, the Congressional purpose in promulgating the PLRA enforces an interpretation that each prisoner pay the full filing fee. See 141 Cong. Rec. S7526 (daily ed. May 25, 1995) (statement of Sen. Kyl) ("Section 2 will require prisoners to pay a very small share of the large burden they place on the federal judicial system by paying a small filing fee upon commencement of lawsuits. In doing so, the provision will deter frivolous inmate lawsuits. The modest monetary outlay will force prisoners to think twice about the case and not just file reflexively.").

*  *  *

Because the plain language of the PLRA requires that each prisoner proceeding IFP pay the full filing fee, we hold that the district court properly dismissed the multi-plaintiff action in this instance. Similarly, §1915(b)(1) explicitly encompasses appellate filing fees, requiring each prisoner to pay the full amount of the appellate filing fee. The district court, therefore, correctly deemed the joint notice of appeal as a singular notice of appeal and properly assessed the appellate filing fee against appellant-Hubbard alone. With regard to both the initial filing fee and the appellate filing fee, the district court properly applied the clear language of the PLRA to require that each prisoner pay the full amount of the filing fees. For the foregoing reasons, we affirm the judgment of the district court.

Hubbard v. Haley, 262 F.3d at 1197-98.

After reviewing the decisions of the Sixth, Seventh and Eleventh Circuits, this court has found that the Eleventh Circuit presents the stronger argument and has concluded that multi-prisoner plaintiffs cannot proceed IFP together in a single action. See, e.g, Philips v. Driver, et al., Civ. No. 1:07cv102 (N.D.W.Va. Dec. 6, 2010). Thus, where multiple plaintiffs sign a complaint and file their own IFP motions, it is appropriate to split the case into separate actions. Id. at Dckt. 21.

Therefore, since Mr. Thomas was the original plaintiff in this case, the Clerk is directed to remove Mr. Roddy as a plaintiff in this action, and terminate his IFP motion [dckt. 11]. In addition, the Court takes judicial notice of civil action number 1:11cv7, where Mr. Roddy has already filed

this same claim in another case. Thus, rather than have the Clerk initiate a new case on Mr. Roddy's

behalf, Clerk is instead directed to file Mr. Roddy's IFP forms [dckt. 11-12] in civil action number

1:11cv7. Mr. Roddy's IFP motions will be considered in that case.[2]

IT IS SO ORDERED.

The Clerk is directed to send a copy of this Order to the *pro se* plaintiffs by certified mail,

return receipt requested, to their last known addresses as shown on the docket.

DATED: February 2, 2011.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE

---

[2]The undersigned notes that it may be appropriate to consolidate these cases after the Court
has made an IFP determination in each case, and upon an appropriate motion by the plaintiffs.